# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**AGRISOMPO NORTH AMERICA, INC.**            **PETITIONER**

**v.**            **CIVIL ACTION NO.** 3:22cv51-MPM-RP

**COLDWATER PLANTING COMPANY,**
**M & W FARMS, LLC,**
**BRAZIL PLANTING COMPANY,**
**PUSHEN & PULLEN FARMS, and**
**WEBB FARMS**            **RESPONDENTS**

## PETITION TO APPOINT UMPIRE

AgriSompo North America, Inc. ("AgriSompo") petitions the Court to appoint an umpire for an appraisal, pursuant to an insurance policy issued by AgriSompo to the Respondents.

### SUMMARY OF PETITION

This is a dispute arising from insurance claims made by the Respondents following a June, 2021 weather event. Respondents are row crop farming operations located in Tallahatchie, Quitman, and Leflore Counties, Mississippi. Following the June, 2021 weather event, Respondents reported wind damage to their respective corn crops. AgriSompo conducted an on-site investigation and evaluation of Respondents' claims and found that none of the damage to Respondents' corn crops was from wind, but rather all of the damage was caused by a flood resulting from excessive rainfall occurring over multiple days. Respondents disagreed with AgriSompo's loss valuation, and accordingly, the appraisal provision contained in the subject insurance policy was invoked. AgriSompo's appraiser and Respondents' retained individual have been unable to agree upon an umpire. Counsel for the parties have also conferred at length in an effort to avoid involving the

Court, but without success. The appraisal provision contained in the subject insurance policy dictates that in the event an umpire cannot be agreed upon, then the parties should apply to a court for appointment of an umpire. This petition asks the Court to resolve the contractual impasse and select an umpire.

## PARTIES AND JURISDICTION

1. Petitioner AgriSompo is a crop insurance company duly organized under the laws of the state of Texas, with its principal place of business located at 7101 82nd Street, Lubbock, Texas 79424.

2. Respondent, Coldwater Planting Company is a Mississippi entity, partnership, or association that may be served with process in this proceeding by serving Brennan Chapman, 501 1st Street, Clarksdale, MS 38614, or any other officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process, or may be served with process as otherwise provided by law.

3. Respondent, M & W Farms, LLC is a Mississippi limited liability company whose last known address is 5887 Tippo Road, Philipp, MS 38950. It may be served with process through its registered agent Debra G. Goodwin, 409 W. Main Street, Charleston, MS 38921, Kenny Weeks, Member, 973 Tippo Road, Philipp, MS 38950, or any other officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process, or may be served with process as otherwise provided by law.

4. Respondent, Brazil Planting Company, is a Mississippi entity, partnership, or association whose last known address is 779 Highway 32, Drew, MS 38737. It may be served with process in this proceeding by serving Art Wolfe, or any other officer, a managing or general agent,

or any other agent authorized by appointment or by law to receive service of process, or may be served with process as otherwise provided by law.

5. Respondent, Pushen & Pullen Farms, is a Mississippi entity, partnership, or association, whose last known address is 208 Cassidy Street, Sumner, MS 38957-9702. It may be served with process in this proceeding by serving William Boggan, or any other officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process, or may be served with process as otherwise provided by law.

6. Respondent, Webb Farms, is a Mississippi entity, partnership, or association whose last known address is 3216 Friendship West Road, Tutwiler, MS 38963-5081. It may be served with process in this proceeding by serving Jack Webb, III or Jack Webb IV, or any other officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process, or may be served with process as otherwise provided by law.

7. Jurisdiction is proper in this Court under 28 U.S.C. §1332 as complete diversity exists among the parties and the amount in controversy exceeds $75,000, exclusive of interests and costs. Jurisdiction is also proper pursuant to F.R.C.P. 57 and 28 U.S.C. §2201 which provides for filing of matters seeking declaratory relief.

8. The Court has general personal jurisdiction over Respondents because they are incorporated in, or have their principal place of business in, or are citizens of the state of Mississippi. This Court also has specific personal jurisdiction over Respondents because one or more acts at issue occurred in this jurisdiction.

9. Venue properly lies in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to the claims occurred in this district and in this division.

## REQUEST FOR APPOINTMENT OF UMPIRE

10. AgriSompo issued Respondents identical crop hail insurance policies for the 2021 crop year, subject to all of its terms, conditions, limitations, exclusions, and provisions contained therein (the "Policy"). Coldwater Planting Company LLC was issued policy number 28-119-2016173-21-AdvHail (Quitman County). M & W Farms, LLC, was issued policy numbers 28-83-94412-21-AdvHail (Leflore County) and 28-135-94407-21-AdvHail (Tallahatchie County). Brazil Planting Company was issued policy number 28-135-155506-21-AdvHail (Tallahatchie County). Pushen & Pullen Farms was issued policy number 28-135-94837-21-AdvHail (Tallahatchie County). Webb Farms was issued policy number 28-135-134234-21-AdvHail (Tallahatchie County).

11. Among other things, the Policy contained an optional "wind plus" endorsement extending coverage to corn against direct loss due to wind during the policy period. A copy of the Policy, including the wind plus endorsement, is attached hereto and incorporated herein as Exhibit "A."

12. Respondents submitted separate insurance claims to AgriSompo following a June, 2021, weather event, claiming their corn was damaged by wind.

13. AgriSompo's on-site investigation and evaluation of Respondents' claims found that none of the damage to Respondents' corn crop was from wind, but rather all of the damage was caused by a flood resulting from excessive rainfall occurring over multiple days. Accordingly, AgriSompo determined that zero percent (0%) of the damage or loss to Respondents' corn was caused by wind and issued no payments to Respondents for their claims.

14. Respondents disagreed with AgriSompo's determination of percentage of loss, and accordingly, the parties each selected individuals who were to perform appraisals. AgriSompo's

designated appraiser found no percentage of damage attributable to wind. Respondents' retained individual ostensibly did make such findings, although they were not provided to AgriSompo.

15. Subsequently, AgriSompo's appraiser and Respondents' retained individual in apparent disagreement over the amount of damage, were thereafter unable to agree upon an umpire.

16. The Policy contains the following provisions regarding appraisal:

**6. APPRAISAL.**

If you and we fail to agree on the percentage of loss caused by one of the insured perils, the following procedure will be used:

a. The entire crop or a representative sample of the crop, as defined in the policy, must remain intact until a determination of the percentage of loss is rendered by these procedures.

b. One of us will demand in writing that the percentage of loss be set by appraisal.

c. Each of us will select a competent appraiser and notify the other of the appraiser's identity within 10 days after receipt of written demand.

d. The two appraiser will then select a competent impartial umpire. If within 10 days of the selection of the appraisers, the two appraisers are unable to agree upon an umpire, you or we can ask a judge of a court of record, in the state which the insured crop is grown to select an umpire. If the court fails to act on the request within 30 days, you or we can ask the American Arbitration Association to select an umpire. The appraisers and umpire shall apply the loss adjustment procedures identified in Provision 3.c.

e. The appraisers will then set the percentage of loss in accordance with provision 3.c. The appraisers' written agreement will be final and binding upon you and us.

f. If the appraisers fail to agree within 10 days, they will submit their difference to the umpire. Written agreement signed by any two of these three will set the percentage of loss in accordance with Provision 3.c. This written report of an agreement will be final and

binding upon you and us.

g. In the event you or we fail to select an appraiser within the time allowed herein, the appraiser selected by the other party will set the percentage of loss and his written report will be final and binding upon you and us.

h. The determination of the percentage of loss rendered by these procedures may be entered in any court of competent jurisdiction as a final judgment.

Each appraiser will be paid by the party selecting that appraiser. Other expenses of the appraisal and compensation of the umpire will be paid equally by you and us.

We will not be held to have waived any of our rights by any act relating to the appraisal.

17. Because the AgriSompo's appraiser and Respondents' retained individual have been unable to agree upon an umpire, AgriSompo requests that the Court select an umpire. To that point, the subject policy dictates that the percentage of loss will be determined using the crop-hail loss adjustment procedures published by National Crop Insurance Services. Therefore, AgriSompo submits that the person appointed as the umpire by the Court should have significant background, knowledge, training, and experience in crop insurance and particular knowledge and training regarding the subject policy and how to properly adjust, appraise, and determine policies such as the one in dispute.

**REQUEST FOR RELIEF**

WHEREFORE, AgriSompo requests that the parties be allowed to submit potential competent umpires for evaluation by the court, and thereafter the court appoint a person to serve as umpire for the appraisal process relative to Respondents' claims submitted to AgriSompo.

Respectfully submitted, this the 6th day of April, 2022.

/s/ *R. Jeff Allen*
R. Jeff Allen (MS Bar No. 10593)
HUNT ROSS & ALLEN
Post Office Box 1196
Clarksdale, Mississippi 38614
Phone: 662-627-5251
Email: rjallen@huntross.com

ATTORNEYS FOR THE PLAINTIFF,
AGRISOMPO NORTH AMERICA, INC.