IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**AGRISOMPO NORTH AMERICA, INC.**            **PETITIONER**

v.            CIVIL ACTION NO. **3:22cv-51-MPM-RP**

**COLDWATER PLANTING COMPANY,
M & W FARMS, LLC,
BRAZIL PLANTING COMPANY,
PUSHEN & PULLEN FARMS, and
WEBB FARMS**            **RESPONDENTS**

### PETITIONER'S MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

Petitioner, AgriSompo North America, Inc. ("AgriSompo"), submits this memorandum in support of its response in opposition to Respondents' motion to dismiss (Doc. 4), as follows:

### Introduction

"It is well settled in our jurisprudence that: An appraisal provision embedded in a property insurance contract is valid and enforceable in accordance with its terms . . . . 'Mississippi law favors amicable settlements of controversies without court involvement.'" Landmark Am. Ins. Co. v. Bradford-O'Keefe Funeral Home, No. 1:08CV79-HSO-JMR, 2009 WL 2923251, at *2 (S.D. Miss. Sept. 11, 2009) (quoting Mitchell v. Aetna Cas. & Sur. Co., 579 F.2d 342, 350 (5th Cir.1978)). "[I]t is the duty of both parties to an insurance contract which provides for a submission to appraisal, in case of loss, of the question of the amount of loss or damages suffered, to act in good faith and to make a fair effort to carry out such an agreement and accomplish its object." Hartford Fire Insurance Company v. Conner, 79 So.2d 236, 239 (Miss.1955).

*All parties have been participating in the appraisal process*. See Ex. 1, email between the parties discussing the selection of an umpire (attached to response). It was not until the parties and their respective appraisers were unable to agree upon an umpire did AgriSompo feel compelled to

file its petition to appoint umpire. The appraisal provisions in the policy provide for either party to apply to a court for appointment of an umpire if the appraisers are unable to agree upon an umpire. Yet, despite such policy provisions *and* having participated in the appraisal process thus far, Respondents now claim that AgriSompo lacks standing to file its petition to appoint umpire.[1]

### Rule 12(b)(1) Standard

A "request to dismiss based on . . . lack of standing is properly treated as a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." Fried Alligator Films, LLC v. N.Y. Life Ins. Co., No. 4:16-cv-175-DMB-JMV, *4 (N.D. Miss. Sep. 29, 2017). "The United States Supreme Court has defined standing as whether the litigant is entitled to have a court decide the merits of the dispute." Dillon v. Davis, No. 1:21cv109-HSO-RHWR, *8 (S.D. Miss. Mar. 9, 2022) (citing Warth v. Seldin, 422 U.S. 490, 498 (1975)).

Under the Declaratory Judgment Act (28 U.S.C. §2201, "the court must determine whether the declaratory action is justiciable . . . [which] 'concerns . . . the standing of litigants to assert particular claims . . . .' " Henley v. Biloxi H.M.A., LLC 489 F.Supp.3d 580, 585-86 (S.D. Miss. 2020) (quoting Mississippi State Democratic Party v. Barbour, 529 F.3d 538, 544 (5th Cir. 2008)). "To determine whether a particular action for declaratory relief constitutes a case or controversy, 'the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy

---

[1] Stated differently, had the Petitioner herein agreed to the unqualified individual that the Respondents proposed, the appraisal process would already have been completed. Similarly, had Petitioner's appraiser been deemed acceptable by Respondents, the process would likewise be complete. On a related point, the letter attached hereto as Exhibit 1 is indicative of the fact that the number of acres has never been in dispute. Respondents simply attempted to "concede" a non-disputed issue in an effort to persuade this court that there is no controversy requiring its attention.

and reality to warrant the issuance of a declaratory judgment." Suri Holdings, L.L.C. v. Argent Mortg. Co., L.L.C., No. 21-20137, *4-5 (5th Cir. 2021) (*quoting* MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126 (2007)).

"Under Federal Rule of Civil Procedure 12(b)(1), '[w]hen standing is challenged on the basis of the pleadings,' [the court] must 'accept as true all material allegations of the complaint and . . . construe the complaint in favor of the complaining party.'" Brown v. Jones Cnty. Junior Coll., 463 F.Supp.3d 742, 752 (S.D. Miss. 2020) (*citing* Ass'n of Am. Physicians & Surgeons, Inc. v. Texas Med. Bd., 627 F.3d 547, 550 (5th Cir. 2010) (*quoting* Pennell v. City of San Jose, 485 U.S. 1, 7 (1988)).

**Argument**

In their memorandum in support of their motion to dismiss, Respondents assert that there is no case or controversy (and, therefore, AgriSompo lacks standing) because there is no disagreement between the parties over the amount of damaged acres.[2] Indeed, AgriSompo's petition to appoint umpire does not include any mention of a controversy over the amount of damaged acres – because such a controversy would not implicate the appraisal provisions in the policy. The policy provides that the appraisal procedure will be used "[i]f you and we fail to agree on the percentage of loss[3]

---

[2] In its memorandum in support of motion to transfer venue, or, in the alternative, to dismiss for improper venue filed in the Greenville Division case, AgriSompo couched the acres as "allegedly damaged corn acres." It would seem that Respondents' acceptance of the amount of their own allegedly damaged corn acres is the red herring here, as opposed to AgriSompo's petition.

[3] The appraisal provisions in the policy provide for the appraisers "to set the percentage of loss in accordance with provision 3.c." Provision 3.c. states that "[b]oth you and we agree that the percentage of loss will be determined using the crop-hail adjustment procedures published by the National Crop Insurance Services, or in the absence of such procedures, other procedures as determined by us, for the particular crop insured and the applicable crop year."

caused by one of the insured perils . . . ." As set forth in AgriSompo's petition, the parties failed to agree on the percentage of loss, the parties each selected an appraiser, but the appraisers have been unable to agree upon an umpire. As such, there remains a controversy between the parties over the selection of an umpire. Such controversy can be redressed by the requested relief (*i.e.*, this Court's appointment of an umpire). The Court must accept, as true, the allegations contained in the petition to appoint umpire and construe the petition in favor of AgriSompo. In doing so, AgriSompo has met its burden of demonstrating standing to seek the requested relief, and accordingly, Respondents' motion should be denied.[4]

Beyond the issue of standing, Respondents also complain about the appraisal provisions contained in their policy. However, as noted above, appraisal provisions are enforceable, and the issue of causation cannot be completely separated from appraising a loss. The Fifth Circuit has acknowledged that "[a]ny appraisal necessarily includes some causation element, because settling the 'amount of loss' requires appraisers to decide between damages for which coverage is claimed from damages caused by everything else." TMM Invs., Ltd. v. Ohio Cas. Ins. Co., 730 F.3d 466, 474 (5th Cir. 2013) (*quoting* State Farm Lloyds v. Johnson, 290 S.W. 3d 886 at 893 (Tex. 2009)).

---

[4]Respondents also claim the petition should be dismissed because "a litigant may not use a declaratory-judgment to obtain piecemeal adjudication of defenses that would not finally and conclusively resolve the underlying controversy." Medimmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 n.7 (2007). However, this misses the mark badly. Nowhere in its petition, does AgriSompo present any defenses. Additionally, an exception to the rule against piecemeal litigation exists "in circumstances where litigation is also pending that would resolve the remaining questions." Abbvie Inc. v. Medimmune Ltd., 881 F.3d 1334, 1338 (Fed. Cir. 2018). Therefore, even assuming, *arguendo*, AgriSompo's petition sought piecemeal adjudication of a defense, the exception to the rule would apply, considering Respondents' case currently pending in the Greenville Division (which case AgriSompo has requested be transferred to this Court). At this stage, dismissal of AgriSompo's petition would only serve to produce piecemeal litigation, rather than avoid it.

In fact, the overwhelming majority of courts to confront the issue have held that appraisers must make some preliminary causation determinations in any appraisal. See e.g. Walnut Creek Townhome Ass'n v. Depositors Ins. Co., 913 N.W.2d 80, 92 (Iowa, 2018) ("We are persuaded by this precedent to hold appraisers may decide the factual cause of damage to property in determining the amount of the loss from a storm."); Quade v. Secura Ins., 814 N.W.2d 703, 706 (Minn. 2012) ("the dictionary definitions of 'loss' for purposes of insurance expressly contemplate an element of causation. By extension, an appraiser's duty to determine the 'amount of loss' requires the appraiser to determine causation"); State Farm Lloyds v. Johnson, 290 S.W.3d 886, 893 (Tex. 2009) ("appraisers must always consider causation, at least as an initial matter. An appraisal is for damages caused by a specific occurrence, not every repair a home might need."); People's Trust Ins. Co. v. Garcia, 263 So. 3d 231, 237-238 (Fl. Ct. App. 2019) ("We find our sister court's analysis . . . persuasive and likewise conclude the issue [of causation] is one for the appraisal process."); N.Glenn Homeowners Ass'n v. State Farm Fire & Cas. Co., 854 N.W.2d 67, 71 (Iowa Ct. App. 2014) ("Causation is an integral part of the definition of loss, without consideration of which the appraisers cannot perform their assigned function. During the appraisal process, the appraisers must consider what damage was caused by hail, and what damage was not, or damage with which they are unconcerned, such as normal wear and tear. We are convinced to hold otherwise would improperly limit the appraisal process to situations where the parties agree on all matters except the final dollar figure."); Villas at Winding Ridge v. State Farm Fire & Cas. Ins. Co., 2019 U.S. Dist. LEXIS 54793, *25 (S.D. Ind. 2019) ("In order for the appraisal to be meaningful at all it must quell questions about the origin of the damage - otherwise parties would litigate those questions and the appraisal process would serve very little purpose."); Runaway Bay Condo. Ass'n v. Phila. Indem.

Ins. Cos., 262 F. Supp. 3d 599, 601-602 (N.D. Ill. 2017) ("questions concerning the cause of the damage to Runaway Bay's property are appropriate for appraisal."); PB Prop. Holdings, LLC v. Auto-Owners Ins. Co., 2016 U.S. Dist. LEXIS 194538, *5 (D.C. Colo. 2016) ("a calculation of loss in this case necessarily involves a determination of causation. Such a calculation will include a determination of whether the Storm caused the damage or whether the damage occurred prior to the issuance of the Policy."); Royal Publs., Inc. v. Travelers Indem. Co., 2016 U.S. Dist. LEXIS 182190, *10-11 (D.C. Colo. 2016) ("the Court holds that appraisers may determine the issue of causation"); Snyder v. Am. Family Ins. Co., 2016 U.S. Dist. LEXIS 137740, *13-14 (D.C. Minn. 2016) ("causation will be determined in appraisal, and once appraisal is complete, the parties may, if necessary, request that the Court determine the scope and application of the Policy's coverage"); Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n, 100 F. Supp. 3d 1099, 1101 (D.C. Colo. 2015) ("I agree with the decisions allowing appraisers to address issues of causation . . . ."); Zarour v. Pac. Indem. Co., 113 F. Supp. 3d 711, 715-16 (S.D.N.Y. 2015) ("the issue of damage causation is properly subject to appraisal"); Phila. Indem. Ins. Co. v. WE Pebble Point, 44 F. Supp. 3d 813, 818 (S.D. Ind. 2014) ("it would be extraordinarily difficult, if not impossible, for an appraiser to determine the amount of storm damage without addressing the demarcation between 'storm damage' and 'non-storm damage' To hold otherwise would be to say that an appraisal is never in order unless there is only one conceivable cause of damage - for example, to insist that 'appraisals can never assess hail damage unless a roof is brand new.' "); Harvey Prop. Mgmt. Co. v. Travelers Indem. Co., 2012 U.S. Dist. LEXIS 164565, *15-17 (D.C. Ariz. 2012) ("Other jurisdictions have also held that an appraiser must have the authority to decide the cause of certain damage in order to determine the amount of loss that is attributable to the covered event as opposed to the damage

resulting from other conditions that are not covered by the policy."); CIGNA Ins. Co. v. Didimoi Prop. Holdings, N.V., 110 F. Supp. 2d 259, 268 (D.C. Del. 2000) ("[T]he Court believes that whether a particular item was damaged as a result of fire or firefighting efforts is appropriately reserved for the appraisal process.").

For these reasons, Respondents' argument that the appraisal process is unnecessary or that it cannot include some causation element is without merit.

## Conclusion

For the foregoing reasons, Respondents' motion to dismiss should be denied.

Respectfully submitted, this the 8th day of June, 2022.

/s/ *R. Jeff Allen*
R. Jeff Allen (MS Bar No. 10593)
HUNT ROSS & ALLEN
Post Office Box 1196
Clarksdale, Mississippi  38614
Phone:  662-627-5251
Email:  rjallen@huntross.com

ATTORNEYS FOR THE PETITIONER,
AGRISOMPO NORTH AMERICA, INC.

## **CERTIFICATE OF SERVICE**

      I, R. Jeff Allen, of Hunt Ross & Allen, attorney for Petitioner AgriSompo North America, Inc., in the above styled and numbered cause, do hereby certify that I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification and a copy of such filing to the following:

Hal S. Spragins
Lawrence John Tucker, Jr.
Hickman, Goza & Spragins, PLLC
P.O. Drawer 668
Oxford, Mississippi 38655-0668
sspragins@hickmanlaw.com
lawrencetucker@hickmanlaw.com

Ralph E. Chapman
Chapman, Lewis & Swan
Post Office Box 428
Clarksdale, Mississippi 38614-0428
clslaw@chapman-lewis-swan.com

This the 8th day of June, 2022.

                                                        /s/ *R. Jeff Allen*
                                                        R. Jeff Allen