IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISON

| | |
|---|---|
| AGRISOMPO NORTH AMERICA, INC. | PETITIONER |
| VS. | CAUSE NO.: 3:22cv51-MPM-RP |
| COLDWATER PLANTING COMPANY, M&W FARMS, LLC, BRAZIL PLANTING COMPANY, PUSHEN & PULLEN FARMS, and WEBB FARMS | RESPONDENTS |

**<u>RESPONDENTS' REPLY IN SUPPORT OF MOTION TO DISMISS</u>**

COME NOW, Respondents Coldwater Planting Company, M&W Farms, LLC, Brazil Planting Company, Pushen & Pullen Farms, and Webb Farms and file this Reply in Support of their Motion to Dismiss, stating as follows:

I. PRELIMINARY STATEMENT

AgriSompo has asked this Court to appoint an umpire to resolve causation and coverage questions under an insurance policy. Recognizing that, under Mississippi law, appraisers and umpires are unable to make such decisions, Respondents moved to dismiss. In response, Agrisompo argues "the issue of causation cannot be completely separated from appraising a loss," and that the "overwhelming majority of courts to confront the issue" have allowed appraisers to make causation determinations. *See* Petitioner's Memorandum [10], pp. 4, 5. This is incorrect. Courts across the country have come to different conclusions—some have found that appraisers may determine causation but many others have found that issues relating to liability, causation and coverage are beyond the scope of an appraisal. Ultimately, however, this Court need only consider Mississippi precedent to arrive at the conclusion that causation determinations are outside the purview of an appraiser. Accordingly, Respondents respectfully request that their Motion to Dismiss be granted.

II. ARGUMENT

This Court has subject-matter jurisdiction over the current dispute due to the diversity of the parties. "A federal court with diversity jurisdiction must apply the law of the state in which it sits." *Blase Indus. Corp. v. Anorad Corp.*, 442 F.3d 235, 238 (5th Cir. 2006). As a result, the Court should look to Mississippi Supreme Court precedent when deciding the issue before it.

The Mississippi Supreme Court has repeatedly held that causation determinations are beyond the scope of an appraisal. "We have concluded that the appraisers have no power to determine the cause of the damage. Their power is limited to the function of determining the money value of the property which may be damaged by the storm." *Munn v. Nat'l Fire Ins. Co. of Hartford*, 237 Miss. 641, 644, 115 So.2d 54, 55 (1959). "[P]ursuant to *Munn* appraisers can do nothing but value property." *IP Timberlands Operating Co. v. Denmiss Corp.*, 726 So.2d 96, 106 (Miss. 1998) (thoroughly explicating difference between arbitration and appraisal); *Bailey Brake Farms, Inc. v. Trout*, 116 So.3d 1064 (Miss. 2013) (accord). "Liability is not fixed by means of an appraisal; there is only a finding of value, price, or amount of loss or damage." *Hartford Fire Ins. Co. v. Jones*, 235 Miss. 37, 41, 108 So.2d 571, 572 (1959).

Federal courts interpreting Mississippi law have likewise held that, in this state, "the purpose of an appraisal is not to determine the cause of loss or coverage under an insurance policy; rather, it is 'limited to the function of determining the money value of the property' at issue." *Jefferson Davis Cnty. Sch. Dist. v. RSUI Indem. Co.*, No. CIV.A.2:08CV190KSMTP, 2009 WL 367688, at *2 (S.D. Miss. Feb. 11, 2009) (quoting *Munn*, 115 So.2d at 55). "[*Munn*] stands for the proposition that while appraisal is not a method of adjudicating liability under a casualty insurance policy, it is a valid method of establishing the amount of damage that has occurred." *Kuehn v. State Farm Fire & Cas. Co.*, No. CIVA 1:06CV723 LTSRH, 2007 WL

184647, at *1 (S.D. Miss. Jan. 19, 2007). "The purpose of an appraisal provision in a property insurance policy is not to determine the cause of the loss." *Jassby v. Scottsdale Ins. Co.*, No. 1:13-CV-336-HSO-RHW, 2014 WL 3773564, at *2 (S.D. Miss. July 30, 2014). "[C]ausation and/or coverage are not factors in the appraisal and shall not be considered in determining the total loss to the insured premises…" *Sunquest Properties, Inc. v. Nationwide Prop. & Cas. Co.*, No. 1:08CV692-LTS-RHW, 2009 WL 2567280, at *2 (S.D. Miss. Aug. 18, 2009). "Mississippi law does reserve causation and coverage issues that are questions of law to the courts." *Argonaut Great Cent. Ins. Co. v. Greenville Pub. Sch. Dist.*, No. 4:20-CV-155-DMB-DAS, 2021 WL 6133788, at *5 (N.D. Miss. May 13, 2021). "This Court must first determine the Policy's coverage of the losses and Defendant's liability for those losses, before the matter can be submitted for appraisal of the value of those losses." *Pearl River Cnty. Sch. Dist. v. RSUI Indem. Co.*, No. CIV. 1:08CV364HSOJMR, 2009 WL 2553267, at *1 (S.D. Miss. Aug. 17, 2009).

AgriSompo's Petition asks this Court to appoint an umpire to decide issues of causation and coverage, not to establish the "money value of the property which may be damaged by the storm." *Munn*, 115 So.2d at 55. The fact that causation and coverage are what is at issue is clear from AgriSompo's claim that "none of the damage to Respondents' corn crops was from wind, but rather all of the damage was caused by a flood," and its assertion that "zero percent (0%) of the damage or loss to Respondents' corn was caused by wind." *See* Petition [1], p. 1 and ¶13. If the crop losses in question were caused by water rather than wind, coverage is at issue, and coverage is a clear question of law for the Court. *Argonaut*, 2021 WL 6133788, at *5.

In support of its arguments, AgriSompo points to a Fifth Circuit case finding that, under Texas law, "[any] appraisal necessarily includes some causation element, because settling the 'amount of loss' requires appraisers to decide between damages for which coverage is claimed

from damages caused by everything else." *TMM Invs., Ltd. v. Ohio Cas. Ins. Co.*, 730 F.3d 466, 474 (5th Cir. 2013) (quoting *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 893 (Tex. 2009)). This quote does not, however, tell the whole story. The *Johnson* Court also stated that, "when different causes are alleged for a single injury to property, causation is a liability question for the courts… Appraisers can decide the cost of repairs in this context, but if they can also decide causation there would be no liability questions left for the courts." *Johnson*, 290 S.W.3d at 892. The present case falls squarely within this scenario because the parties each assert that a different cause resulted in a single injury to property. Therefore, even according to AgriSompo's own authority, this dispute belongs in a courtroom, not in a non-judicial appraisal proceeding.

AgriSompo has also provided a list of decisions from eleven states other than Mississippi. These decisions are irrelevant because Mississippi precedent is clear. However, even if the Court were to look outside our borders for authority, it would find ample support for the Mississippi rule. *See, e.g. Rogers v. State Farm Fire & Cas. Co.*, 984 So.2d 382, 392 (Ala. 2007) ("[W]e conclude that the more persuasive authority is the authority holding that an appraiser's duty is limited to determining the 'amount of loss'—the monetary value of the property damage—and that appraisers are not vested with the authority to decide questions of coverage and liability…"); *Caribbean I Owners' Ass'n, Inc. v. Great Am. Ins. Co. of NY*, 619 F. Supp. 2d 1178, 1187 (S.D. Ala. 2008) ("Pursuant to both *Rogers* and the common, ordinary meaning of the term, the Court concludes as a matter of law that the term 'amount of loss' is not ambiguous as to whether it encompasses liability, coverage and causation issues. It clearly does not."); *Appalachian Ins. Co. v. Rivcom Corp.*, 130 Cal. App. 3d 818, 825, 182 Cal. Rptr. 11, 14 (Ct. App. 1982) ("It must be kept in mind that the *only* thing that the appraisers do is to set the amount of loss under the policy."); *Jefferson Ins. Co. v. Superior Ct.*, 3 Cal. 3d 398, 403, 475 P.2d 880, 883 (1970) ("The

function of appraisers is to determine the amount of damage resulting to various items submitted for their consideration. It is certainly not their function to resolve questions of coverage and interpret provisions of the policy. Thus, in the present case the appraisers were authorized to determine only a question of fact, namely, the actual cash value of the insured building."); *Feinbloom v. Camden Fire Ins. Ass'n*, 54 N.J. Super. 541, 547, 149 A.2d 616, 620 (App. Div. 1959) ("The appraisal provided for in the policy does not contemplate the submission to the appraisers of questions of law… They are permitted only to appraise the loss, stating separately actual cash value and loss to each item."); *Oakes v. Franklin Fire Ins. Co.*, 122 Me. 361, 120 A. 53, 54 (1923) ("The right of the insured to recover the loss is not submitted to the referees; only the amount of the damages…"); *Kawa v. Nationwide Mut. Fire Ins. Co.*, 174 Misc. 2d 407, 408, 664 N.Y.S.2d 430, 431 (Sup. Ct. 1997) ("…the appraisal clause only applies to a case with a disagreement 'as to the amount of loss or damage', and not where the insurer denies liability."); *In re Delmar Box Co.*, 309 N.Y. 60, 63, 127 N.E.2d 808, 811 (1955) ("[T]he agreement for appraisal extends merely to the resolution of the specific issues of actual cash value and the amount of loss, all other issues being reserved for determination in a plenary action."); *Wausau Ins. Co. v. Herbert Halperin Distribution Corp.*, 664 F. Supp. 987, 989 (D. Md. 1987) ("The fallacy in [plaintiff's] argument is that although it appears that [plaintiff] is not *factually* disputing the consequences of the occurrence, it is contesting the issue of legal 'causation' on the basis that the policy exclusions apply so as to limit the scope of coverage. This issue is one of contract interpretation which is within the competence of the Court, not an appraiser, to resolve."); *Hogadone v. Grange Mut. Fire Ins. Co.*, 133 Mich. 339, 343, 94 N.W. 1045, 1047 (1903) ("[The policy provision] relates only to cases of 'disagreement as to the amount of the valuation, in whole or in part,' and therefore is inapplicable to this controversy, in

which the disagreement related to the validity of the claim."); *St. Paul Fire & Marine Ins. Co. v. Wright*, 97 Nev. 308, 310, 629 P.2d 1202, 1203 (1981) ("An appraiser's power generally does not encompass the disposition of the entire controversy between the parties but extends merely to the resolution of the specific issues of actual cash value and the amount of loss."); *Kentner v. Gulf Ins. Co.*, 66 Or. App. 15, 19, 673 P.2d 1354, 1356 (1983) ("[Oregon statute] establishes an appraisal procedure to determine the amount of the insured's loss; the procedure does not apply to the determination of the insurer's responsibility."); *Wells v. Am. States Preferred Ins. Co.*, 919 S.W.2d 679, 685 (Tex. App. 1996) ("[W]e hold that participation by the insured in the appraisal process does not constitute agreement by the insured to authorize and empower the appraisal panel to determine questions of what caused or did not cause the loss."); *Massey v. Farmers Ins. Grp.*, 1992 OK 80, 837 P.2d 880, 882 (Okla. Sup. Ct. 1992) ("[A]ppraisal provisions permit appraisers or umpires to determine one issue, to wit, the amount of damage to the property.").

  The foregoing is a list of eleven states other than Mississippi, including Texas, that agree with the Mississippi rule. Thus, there is no "overwhelming majority" in support of AgriSompo's position, and this Court should not be persuaded to appoint an umpire to resolve issues of causation and coverage. The appointment of an umpire in this case would contravene established Mississippi law and, in a diversity case where state precedent is clear, the holdings of other jurisdictions do not govern. Even if the Court were to find otherwise, there is abundant support for Respondents' position in Alabama, California, New Jersey, Maine, New York, Maryland, Michigan, Nevada, Oregon, Oklahoma and even Texas. In sum, because the dispute between the parties concerns a binary question of whether wind or water caused the crop losses at issue, and because the answer to this question will determine whether coverage for those losses exists under an insurance policy, Mississippi law does not permit resolution by appraisal.

WHEREFORE, PREMISES CONSIDERED, Respondents respectfully request that the Court enter an Order dismissing the instant Petition to Appoint Umpire and permitting all issues between the parties to be finally and conclusively resolved in the separately filed action pending in the Greenville Division under Cause No.: 4:22-cv-58-DB-DAS. Respondents further request any additional relief to which they may be entitled under the premises.

        Respectfully submitted,

        COLDWATER PLANTING COMPANY, M&W FARMS, BRAZIL PLANTING COMPANY, PUSHEN & PULLEN FARMS, and WEBB FARMS

        */s/ Lawrence J. Tucker, Jr.*
        H. SCOT SPRAGINS, MSB #7748
        LAWRENCE J. TUCKER, JR., MSB #100869
        Hickman, Goza & Spragins, PLLC
        Post Office Drawer 668
        Oxford, MS 38655-0668
        (662) 234-4000 (telephone)
        (662) 234-2000 (facsimile)
        sspragins@hickmanlaw.com
        ltucker@hickmanlaw.com

OF COUNSEL:

RALPH E. CHAPMAN, MSB #5962
Chapman, Lewis & Swan, PLLC
P. O. Box 428
Clarksdale, MS 38614
(662) 627-4105 (telephone)
(662) 627-4171 (facsimile)
ralph@chapman-lewis-swan.com