IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISON

**AGRISOMPO NORTH AMERICA, INC.**                          **PETITIONER**

VS.                                             **CAUSE NO.: 3:22cv51-MPM-RP**

**COLDWATER PLANTING**
**COMPANY, M&W FARMS, LLC, BRAZIL**
**PLANTING COMPANY, PUSHEN &**
**PULLEN FARMS, and WEBB FARMS**                      **RESPONDENTS**

**ORDER**

This cause comes before this court on the motion of defendants Coldwater Planting Company, *et al* to dismiss this action, pursuant to Fed. R. Civ. P. 12. Plaintiff Agrisompo North America, Inc. has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This is a rather unorthodox civil action in which plaintiff Agrisompo seeks for this court to enter an order appointing an "umpire" to decide the underlying crop insurance dispute in this case. The factual dispute in this case relates to the issue of whether the crop damage suffered by the insureds in June 2021 was caused by a covered wind damage event or a non-covered flood event. [Complaint at 1]. The parties were unable to resolve their disagreements regarding this issue, and plaintiff responded to this impasse by filing the instant petition to appoint an umpire. Plaintiff contends that this court has the authority to make such an appointment based on an appraisal policy provision which states that the appraisal

1

procedure will be used "[i]f you and we fail to agree on the percentage of loss caused by one of the insured perils . . . ."

In seeking dismissal, defendants correctly note that there is extensive Mississippi authority holding that, under the law of this state, an appraiser may not determine causation issues under an insurance contract. In *Jefferson Davis Cnty. Sch. Dist. v. RSUI Indem. Co.*, 2009 WL 367688, at *2 (S.D. Miss. Feb. 11, 2009), for example, U.S. Magistrate Judge Michael T. Parker held that an appraisal clause in an insurance contract was inapplicable in a Hurricane Katrina case where the parties disagreed not solely about valuation issues but also about questions of causation. Specifically, Judge Parker wrote that:

> Defendant argues that appraisal is inappropriate because this case involves "coverage and causation questions, not a dispute about the value of an admittedly covered loss." This court agrees. It is clear from the record that although the parties disagree about the value of various items of damage, they also disagree about a number of issues relating to coverage and causation-including whether certain items of damage were actually caused by Hurricane Katrina, as opposed to being preexisting damage, and whether certain allegedly damaged items (such as roofing) actually existed prior to Hurricane Katrina.

*Jefferson Davis Cnty.*, 2009 WL 367688, at *2.

In so holding, Judge Parker wrote that "it is clear that under Mississippi law the purpose of an appraisal is not to determine the cause of loss or coverage under an insurance policy; rather, it is 'limited to the function of determining the money value of the property' at issue." *Id.*, *citing Munn v. Nat'l Fire Ins. Co.,* 115 So. 2d

2

54, 55 (Miss.1959); *see also Kuehn v. State Farm Fire & Cas. Co.*, 2007 WL 184647, at * 1 (S.D. Miss. Jan. 19, 2007) (*Munn* "stands for the proposition that while appraisal is not a method of adjudicating liability under a casualty insurance policy, it is a valid method of establishing the amount of damage that has occurred.").

This authority strikes this court as being directly on point, and, in response, plaintiff is only able to offer it precedent from other states, which follow a different interpretation of the law. *See e.g. Walnut Creek Townhome Ass'n v. Depositors Ins. Co.,* 913 N.W.2d 80, 92 (Iowa 2018). While plaintiff is able to cite extensive authority from other jurisdictions in this regard, this merely serves to highlight the fact that it is *defendants* who are able to offer Mississippi precedent on point. Plaintiff does not dispute that this diversity action is governed by Mississippi law, and it therefore seems clear that the relief which it seeks from this court is unavailable to it. This court notes that a civil action is presently pending in the Greenville Division which seeks to litigate the insurance coverage issues in this case, *see War Eagle Farms, LLC et al v. American Agri-Business Insurance Co. et al.,* No.: 4:22-cv-58-DB-DAS (N.D. Miss), and it concludes that this is the proper forum for the parties to resolve their disputes. Defendants' motion to dismiss this action will accordingly be granted.

It is therefore ordered that defendants' motion to dismiss is granted.

A separate judgment will be entered this date, pursuant to Fed. R. Civ. P. 58.

This, the 4th day of November, 2022.

                                          /s/ Michael P Mills.
                                          UNITED STATES DISTRICT JUDGE
                                          NORTHERN DISTRICT OF MISSISSIPPI